**HUANG LIN, Petitioner,**

v.

**Michael B. MUKASEY, U.S. Attorney General,[1] Respondent.**

**No. 06–5071–ag.**

United States Court of Appeals, Second Circuit.

Feb. 25, 2008.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Lin Li, New York, N.Y., for Petitioner.

Peter D. Keisler, Assistant Attorney General; Terri J. Scadron, Assistant Director; Shahrzad Baghai, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. WALKER, Hon. ROSEMARY S. POOLER, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Huang Lin, a native and citizen of the People's Republic of China, seeks review of an October 6, 2006 order of the BIA affirming the May 25, 2005 decision of Immigration Judge ("IJ") Phillip L. Morace denying Lin's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Huang Lin,* No. A 97 954 650 (B.I.A. Oct. 6, 2006), *aff'g* No. A 97 954 650 (Immig. Ct. N.Y. City May 25, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

■ When the BIA affirms the IJ's decision in some respects but not others, this Court reviews the IJ's decision as modified by the BIA decision, i.e., minus those arguments for denying relief that were rejected by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). Here, the BIA declined to adopt the IJ's adverse credibility finding. Rather, the BIA affirmed the IJ's conclusions that Lin failed to meet his burdens of proof for asylum and withholding of removal, and that Lin failed to demonstrate eligibility for CAT relief. Thus, the Court may review both the BIA's and IJ's decisions, with the exception of the IJ's adverse credibility finding. *See id.*

This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Dong Gao v. BIA,* 482 F.3d 122, 126 (2d Cir.2007).

■ In *Shi Liang Lin v. U.S. Dep't of Justice,* this Court concluded that the statutory scheme governing asylum "unambiguously dictates that applicants can become candidates for asylum relief only based on persecution that they themselves have suffered or must suffer." 494 F.3d 296, 308 (2d Cir.2007) (en banc). Thus, Lin was not entitled to asylum based solely on his girlfriend's alleged forced abortions, regardless of their marital status. *Id.*

■ Moreover, the record supports the IJ's finding that Lin failed to demonstrate that he was persecuted under a coercive population control program. 8 U.S.C. § 1101(a)(42)(B). Lin alleged that he was fined and dismissed from his job after his girlfriend's first abortion, and that village cadres threatened to detain and beat him if his girlfriend became pregnant again. However, he indicated that the cadres merely fined him after his girlfriend's second abortion. A reasonable trier of fact would not be compelled to concluded that the past harm described by Lin amounted to persecution. *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006) (holding that to constitute persecution, the harm must rise above "mere harassment"). In *Matter of T–Z–,* the BIA indicated that the threat of economic harm might in some instances amount to persecution. 24 I. & N. Dec. 163, 169 (BIA 2007). Here, however, the Government correctly asserts that Lin failed to raise any arguments concerning economic persecution before the BIA. Thus, we decline to review that issue. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 121–22, 124 (2d Cir.2007) (hold-

ing that issue exhaustion is mandatory, even if not a jurisdictional requirement).

 Similarly, Lin failed to meaningfully argue in his brief to this Court that he has a well-founded fear of persecution based on his other resistance to a coercive population control program. Thus, we deem that issue waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n. 7 (2d Cir.2005) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal." (internal quotation marks omitted)). Even if Lin had adequately raised the argument that he demonstrated a well-founded fear of persecution, he did not establish that any consequences of his actions rose or would rise to the level of persecution, where he testified only that he feared payment of a fine, re-education classes, or "even worse." *See Ivanishvili*, 433 F.3d at 341. As such, a reasonable fact-finder could conclude that Lin failed to demonstrate a well-founded fear of persecution in China.

Because Lin was unable to show the objective likelihood of persecution needed to make out an asylum claim based on his own resistance to a coercive family planning policy, he was necessarily unable to meet the higher standard required to succeed on his claims for withholding of removal and relief under the CAT, to the extent they shared the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006). To the extent that Lin sought CAT relief due to his illegal departure from China, we deem any such argument waived because he failed to raise it in his brief to this Court. *See Yueqing Zhang*, 426 F.3d at 545 n. 7.

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.